IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL LOGAN LOWERY, <br> TDCJ-CID No. 01954001, <br><br> Plaintiff, <br><br> v. <br><br> ISABEL GALLEGOS, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § 2:25-CV-187-Z-BR <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY MOTION FOR INJUNCTIVE RELIEF**

Plaintiff Michael Logan Lowery ("Lowery") filed an application seeking a preliminary injunction and restraining order (the "Application"). (ECF 13). For the reasons stated below, the U.S. Magistrate Judge recommends that Lowery's Application be DENIED.

**FACTUAL BACKGROUND**

On August 19, 2025, Lowery filed suit against Defendants Isabel Gallegos, Bryan Collier and Carl Schiwart (collectively, "Defendants"), alleging that they are conspiring to murder him by intentionally placing him with dangerous cellmates and ignoring his requests for assistance. The Complaint is currently undergoing preliminary screening as provided by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. Lowery filed the Application on November 7, 2025, alleging that Defendants are "indirectly responsible for attempts on [his] life." (ECF 13 at 2).

Lowery's Application claims that, due to gang affiliation and nepotism, future attempts on his life will occur. He further states that he needs to be placed in protective custody "until completion of a full federal investigation into [his] allegations." He also seeks VA representation and a court-ordered mental evaluation of his PTSD issues. Lastly, Lowery asks the Court to order

Texas Attorney General Ken Paxton to initiate his own investigation into Lowery's claims. (ECF 13 at 2). For the reasons stated below, Lowery's Application should be denied.

## LEGAL ANALYSIS

A temporary restraining order ("TRO") should preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

"The Rule 65(b)(1) criteria are strict requirements, not mere technicalities, [that] establish minimum due process." *Nail v. Shipp*, 2020 WL 3163276, at *4 (S.D. Ala. June 14, 2020) (quotations omitted). Because Lowery has failed to meet the requirements of Rule 65(b), his Application fails. *See Stone Metals Am., LLC v. Eubank*, 2020 WL 570906, at *2 (N.D. Tex. Feb. 5, 2020) (denying temporary restraining order in part because the supporting declaration "is missing the key requirement: 'specific facts ... [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*'") (*quoting* FED. R. CIV. P. 65(b)(1)(A); emphasis and alteration in original). Lowery fails to provide a supporting declaration containing specific facts indicating that irreparable loss or damage will result before Defendants can be heard in opposition.

An injunction is an extraordinary remedy and "should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Issuance of a temporary restraining order "is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 861 F. Supp. 2d 792, 794 (N.D. Tex. 2012). The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

To prevail, the applicant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendants; and (4) that the injunction will not disserve the public interest. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (citations omitted); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Lowery "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.*

Lowery's Application fails. As stated, to obtain injunctive relief, Lowery must show that he is likely to suffer irreparable harm. Irreparable harm is defined as "harm for which there is no adequate remedy at law." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). Lowery alleges that "future attempts on my life will occur" but provides no facts supporting his conclusory claim, nor does he show how Defendants would be responsible for such future harm. Mere speculation is simply insufficient to show irreparable harm. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)

(*citing Carter v. Heard*, 593 F.2d 10, 12 (5th Cir. 1979)); *Hunt v. Banker's Trust Co.*, 646 F. Supp. 59, 65 (N.D. Tex. 1986) ("[S]peculation is not sufficient to support a finding of an irreparable injury"); *Henry v. Baker*, 2001 WL 1112441, at *2 (N.D. Tex. Aug. 21, 2001) ("The court does not issue a TRO or an injunction on unsubstantiated fears of irreparable injury"). Further, a mere risk of harm does not constitute irreparable harm. *Hunt*, 646 F. Supp. at 65 (*citing Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3rd Cir. 1980)). "There must be a present threat of substantial, noncompensable harm." *Hunt*, 646 F. Supp. at 65. Lowery's Application expresses only a generalized fear of future violence that will not support injunctive relief. Accordingly, his Application should be denied.[1]

## RECOMMENDATION

The United States Magistrate Judge hereby recommends that the Application filed by Plaintiff Michael Logan Lowery (ECF 13) be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 17, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Lowery's Application fails to allege a substantial threat of imminent injury, the Court does not reach the issue of whether the relief sought in the Application is appropriate.

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).