IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL LOGAN LOWERY, | |
| Plaintiff, | |
| v. | 2:25-CV-187-Z-BR |
| ISABEL GALLEGOS, *et al.*, | |
| Defendants. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny the Motion for Preliminary Injunction filed by Plaintiff. ECF No. 18. Objections to the FCR have been filed. ECF No. 21. After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR of the Magistrate Judge is correct. *See* ECF No. 18. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 13) is **DENIED**.

**LEGAL STANDARD**

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge's FCR was filed November 17, 2025. ECF No. 18. Then, on December 1, 2025, Plaintiff filed a Motion for Extension of Time to file objections to the FCR. ECF No. 19. The Court granted Plaintiff's motion and ordered any objections to be filed on or before December 15, 2025. ECF No. 20. Plaintiff filed objections on December 12, 2025. ECF No. 21. Because Plaintiff's extension request was filed before expiration of the fourteen-day objection period set by the Federal Rules of Civil Procedure, the Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not appear to make any specific objections to the Magistrate Judge's FCR. *See generally* ECF No. 21 (merely rehashing previous complaints). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's objections are **OVERRULED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

**SO ORDERED.**

December 16, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3